UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

PATRICIA MARIE THOMPSON,       )
                               )
            Plaintiff,         )
v.                             )       No.:   3:06-CV-228
                               )              (VARLAN/GUYTON)
BLOUNT MEMORIAL HOSPITAL, INC., )
DEBRA MORGAN, BRENDA WILSON,    )
KATHRYN ROGERS, LESLIE McAMIS,  )
JOHNNIE LOWE, RHONDA REED,      )
ROBERT NEWMAN, and PEGGY JONES, )
                               )
            Defendants.        )

## MEMORANDUM OPINION

This civil action is before the Court on the Motion to Dismiss [Doc. 3] filed by

defendants Debra Morgan, Brenda Wilson, Kathryn Rogers, Leslie McAmis, Johnnie Lowe,

Rhonda Reed, Robert Newman, and Peggy Jones ("individual defendants"). Plaintiff has

filed a response [Doc. 6] in opposition to the individual defendants' motion. The Court has

carefully considered the pending motion along with the supporting and opposing memoranda

[Docs. 4, 6]. For the reasons set forth herein, the individual defendants' motion is granted.

## I.    Relevant Facts

As the Court is required to do on a motion to dismiss under Fed. R. Civ. P. 12(b)(6),

the Court will construe the complaint in the light most favorable to the plaintiff, accept all

well-pleaded factual allegations as true, and determine whether the plaintiff can prove no set

of facts in support of her claims that would entitle her to relief. *Trzebuckowski v. City of*

*Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). Additionally, three days after filing her complaint [Doc. 1], *pro se* plaintiff filed an Attachment/Statement of Claim [Doc. 2] in which she offered more detail on her claims against defendants. In light of the significant leeway afforded to *pro se* litigants, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court will consider this statement together with the complaint in setting forth the facts of this case.

Plaintiff Patricia Thompson was employed as a cook at Blount Memorial Hospital, a medical facility in Blount County, Tennessee.[1] While employed there, plaintiff claims she was threatened, harassed, and humiliated by her co-workers on the basis of her race, as well as "retaliated against because I complained to Management about issue [sic] trying to use their open door policy." [Doc. 1 at 5.] Plaintiff further claims that she was ultimately fired because of "false accusations by white management and co-workers." [Doc. 2 at 2; Doc. 1 at 5.] In her statement, plaintiff states she was forced to work a schedule where she would be "closing (11 - 7pm) and reopening the next morning at 6am to 2:30." [Doc. 2 at 3.] When she was unable to cover other co-worker's shifts when requested to do so due to "church obligations," plaintiff claims that her supervisor would "get upset." [*Id.*] Plaintiff suggests she was required to work such a schedule due to the discriminatory motives of her supervisor. [*Id.* at 4.] Plaintiff was ultimately fired, and she claims this was due to "false accusations by white management and co-workers." [Doc. 2 at 2; Doc. 1 at 5.] Plaintiff alleges that "[d]ealing with the black racial joke [sic] and all that tore me down" caused her

---

[1]It is not clear from the complaint or the statement when plaintiff began working at Blount Memorial Hospital, or when her employment was terminated.

to suffer a number of injuries, including going into debt, loss of health insurance coverage, loss of "shelter,' and chest pain. [*Id.*]

Neither the complaint nor the statement explain what role any of the individual defendants played in creating the hostile work environment to which plaintiff was allegedly subjected. The complaint does, however, list each of their job titles, thereby making it apparent that the individual defendants were fellow co-workers of plaintiff's at Blount Memorial Hospital. [*see* Doc. 1 at 4.]

Plaintiff filed suit in this Court on June 16, 2006, alleging defendants violated Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq*., and seeking $150,000,000 in damages. The individual defendants subsequently filed this motion to dismiss, arguing that, pursuant to Fed. R. Civ. P. 12(b)(6), the complaint fails to state a claim against them upon which relief can be granted. While plaintiff's complaint and statement only allege violations of Title VI on the part of defendants, the individual defendants' motion to dismiss includes argument as to why plaintiff's claims against them should also be dismissed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., on the grounds that "Plaintiff's claims may be construed as arising under Title VII." [Doc. 3 at 1.] Accordingly, the Court will address both Title VI and Title VII in assessing the viability of plaintiff's claims against the individual defendants.

## II.    Standard of Review

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) should not be granted "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  All well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003).  While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

## III.    Analysis

Individual defendants first argue they cannot held liable in their individual capacities for violations of Title VI or Title VII and that plaintiff has therefore failed to state a claim against them upon which relief can be granted.  The Court will address each of these arguments in turn.

A.    Title VI

Title VI of the Civil Rights Act of 1964 "prohibits race discrimination in programs receiving federal funds." *Gebser v. Lago Vista Independent School District*, 524 U.S. 274, 275 (1998). Although the Sixth Circuit has not directly addressed whether an individual may be held liable under Title VI, it has rejected such liability in the context of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), which contains nearly identical language. *Soper v. Hoben*, 195 F.3d 845, 854 (6th Cir. 1999). Title VI refers to "any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Title IX refers to "any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). The addition of the word "education" does not seem to be material to the Sixth Circuit's interpretation of the statute and there is no reason to believe the Court of Appeals would rule differently if presented with this specific issue, particularly given that Title IX was patterned after Title VI. *See, e.g., Cannon v. University of Chicago*, 441 U.S. 677, 695-96 (1979); *Horner v. Kentucky High School Athletic Ass'n*, 206 F.3d 685, 689 (6th Cir. 2000).

Furthermore, other courts have consistently interpreted Title VI as providing no individual liability. *E.g.*, *Rubio ex rel. Z.R. v. Turner Unified School Dist. No. 202*, — F. Supp. 2d —, 2006 WL 2801938 at *9 n. 11 (D. Kan. 2006); *Farm Labor Organizing Committee v. Ohio State Highway Patrol*, 95 F. Supp. 2d 723, 743 n. 13 (N.D. Ohio 2000); *Davis v. Flexman*, 109 F. Supp. 2d 776, 793 (S.D. Ohio 1999); *Godby v. Montgomery County Bd. of Educ.*, 996 F. Supp. 1390, 1413 (M.D. Ala. 1998); *Jackson v. Katy Independent*

*School Dist*, 951 F. Supp. 1293, 1298 (S.D. Tex. 1996). Rather, Title VI claims are properly alleged against an institution that receives federal financial assistance.

Even according plaintiff the significant leeway owed to her in light of her *pro se* status, there in nothing in the complaint suggesting that any of the individual defendants constitute federally funded programs or entities. Instead, they are merely employees of what is presumably such an entity, namely Blount Memorial Hospital.[2] Accordingly, plaintiff's Title VI claims against the individual defendants will be dismissed.

B.    Title VII

Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin...." 42 U.S.C. § 2000e-2(a)(1). It is well-settled in the Sixth Circuit that an individual employee who does not independently qualify under the statutory definition of "employer" cannot be held personally liable under Title VII. *Wathen v. General Electric Co.*, 115 F.3d 400, 405 (6th Cir. 1997); *Little v. BP Exploration & Oil Co.*, 265 F.3d 357, 362 (6th Cir. 2001); *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 571 (6th Cir.), *cert. denied*, 531 U.S. 1052 (2000); *Hiler v. Brown*, 177 F.3d 542, 546 (6th Cir. 1999). Construing the complaint in the light most favorable to plaintiff, the Court can find no indication that any of the individual

---

[2]The Court notes that plaintiff's complaint does not allege whether Blount Memorial Hospital receives federal funding.

defendants are employers within the meaning of Title VII.[3]  Accordingly, plaintiff's Title VII

claims against the individual defendants will be dismissed.

C.    Individual Defendants' Remaining Arguments

Because plaintiff's Title VI and Title VII claims against the individual defendants fail

as a matter of law because neither of those statutes impose individual liability, the Court need

not address the individual defendants' arguments that the claims against them should be

dismissed because plaintiff did not name any of them as respondents in her EEOC charge of

discrimination [Doc. 4 at 5-7] or because the complaint fails to name the individual

defendants [*Id.* at 7-9].

**IV.    Conclusion**

For the reasons set forth herein, individual defendants' motion to dismiss [Doc. 3] is

**GRANTED**, leaving Blount Memorial Hospital as the sole defendant in this action.  The

Court notes, however, that the record of this case contains no evidence that plaintiff has

achieved service of process on Blount Memorial Hospital.  This case was filed on June 16,

2006.  Thus, it appears that plaintiff has not achieved service within the time specified by

Fed. R. Civ. P. 4(m).  Accordingly, plaintiff is **DIRECTED** to provide proof of service

---

[3]An "employer" is defined in Title VII as "a person engaged in an industry affecting commerce who has fifteen or more employees in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person....."  42 U.S.C. § 2000e(b).

within twenty (20) days of the entry of this order or otherwise show cause as to why this case should not be dismissed.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE