UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| PATRICIA MARIE THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | 3:06-CV-228 |
| | ) | (VARLAN/GUYTON) |
| | ) | |
| BLOUNT MEMORIAL HOSPITAL, INC, | ) | |
| DEBRA MORGAN, BRENDA WILSON, | ) | |
| KATHRYN ROGERS, LESLIE McAMIS, | ) | |
| JOHNNIE LOWE, RHONDA REED, | ) | |
| ROBERT NEWMAN, and PEGGY JONES, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

This matter is before the undersigned pursuant to the provisions of 28 U.S.C. §636(b), the Rules of this Court, and by Order [Doc. 8] of the Honorable Thomas A. Varlan, United States District Judge, for disposition of the plaintiff's Motion to Subpoena Records. [Doc. 5]. In her motion and reply brief, the plaintiff argues that the defendants have had sufficient time to answer her complaint, but have failed to do so. [Docs. 5 and 11]. The plaintiff therefore requested that the Court subpoena all of the defendants' records related to the plaintiff's claim. The defendants argue that the plaintiff's request is a matter for discovery, and that the proper time for discovery has not yet arrived. [Doc. 7]. The defendants argue that a Rule 26(f) discovery conference has not yet been

held, and that the defendants' duty to provide copies of discoverable documents does not arise until after the Rule 26(f) conference.

Under Rule 12(a)(1) of the Federal Rules of Civil Procedure, a defendant is usually required to file an answer within twenty days of service of process. Fed. R. Civ. P. 12(a)(1). However, if a defendant files a motion under Rule 12(b), the time line for the defendant's response changes, and an answer is not due until after the pending 12(b) motion is resolved. See Fed. R. Civ. P. 12(a)(4). Additionally, the time for discovery does not begin until after the Rule 26(f) discovery conference. See Fed. R. Civ. P. 26(a)(1)(E).

The Court notes that the defendants filed a Rule 12(b)(6) Motion to Dismiss [Doc. 3] on July 12, 2006. The Court also notes that the Motion to Dismiss was granted in part [Doc. 14], dismissing all named defendants other than Blount Memorial Hospital, on October 30, 2006. The Court further notes that a Rule 26(f) discovery conference has not yet been held in this case.

The Court finds that the plaintiff's Motion to Subpoena Records **[Doc. 5]** is not well taken, and is therefore **DENIED**. Given that the defendants had timely filed a Rule 12(b)(6) Motion Dismiss [Doc. 3], they were not required to file an answer to the plaintiff's complaint until after their motion had been resolved. Now that the Defendants' motion has been resolved, and assuming that the plaintiff can provide proof of service on Blount Memorial Hospital, as required by the District Court Order [Doc. 14], then the remaining defendant will be required to file an answer, a Rule 26(f) discovery conference will be scheduled, and discovery will begin.

If the plaintiff does not receive the appropriate documents after discovery has begun, then plaintiff may renew her motion at that time.

**IT IS SO ORDERED**.

**ENTER**:

_s/ H. Bruce Guyton_
United States Magistrate Judge