UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| PATRICIA MARIE THOMPSON, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No.: 3:06-CV-228 |
| | ) | (VARLAN/GUYTON) |
| BLOUNT MEMORIAL HOSPITAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This civil action is before the Court on defendant's Motion to Dismiss [Doc. 20]. No response or opposition has been filed by plaintiff, and the time for doing so has passed. *See* E.D.TN. LR 7.1(a), 7.2. The Court has carefully considered the pending motion along with the supporting memorandum [Doc. 21] in light of plaintiff's complaint and the controlling law. For the reasons set forth herein, defendant's motion will be granted.

**I.    Relevant Facts**

As the Court is required to do on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court will construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and determine whether the plaintiff can prove no set of facts in support of her claims that would entitle her to relief. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). Additionally, three days after filing her complaint [Doc. 1], *pro se* plaintiff filed an Attachment/Statement of Claim [Doc. 2] in which

she offered more detail on her claims against defendants. In light of the significant leeway afforded to *pro se* litigants, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court will consider this statement together with the complaint in setting forth the facts of this case.

Plaintiff Patricia Thompson was employed as a cook by defendant, Blount Memorial Hospital, Inc., a medical facility in Blount County, Tennessee.[1] While employed there, plaintiff claims she was threatened, harassed, and humiliated by her co-workers on the basis of her race, as well as "retaliated against because I complained to Management about issue [sic] trying to use their open door policy." [Doc. 1 at 5.] Plaintiff further claims that she was ultimately fired because of "false accusations by white management and co-workers." [Doc. 2 at 2; Doc. 1 at 5.] In her statement, plaintiff states she was forced to work a schedule where she would be "closing (11 - 7pm) and reopening the next morning at 6am to 2:30." [Doc. 2 at 3.] When she was unable to cover other co-worker's shifts when requested to do so due to "church obligations," plaintiff claims that her supervisor would "get upset." [*Id.*] Plaintiff suggests she was required to work such a schedule due to the discriminatory motives of her supervisor. [*Id.* at 4.] Plaintiff was ultimately fired, and she claims this was due to "false accusations by white management and co-workers." [Doc. 2 at 2; Doc. 1 at 5.] Plaintiff alleges that "[d]ealing with the black racial joke [sic] and all that tore me down" caused her to suffer a number of injuries, including going into debt, loss of health insurance coverage, loss of "shelter," and chest pain. [*Id.*]

---

[1]It is not clear from the complaint or the statement when plaintiff began working at Blount Memorial Hospital, or when her employment was terminated.

Plaintiff filed suit in this Court on June 16, 2006, alleging that defendant and a number of individual employees of defendant violated Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*, and that she was accordingly owed $150,000,000 in damages. The individual defendants then filed a motion to dismiss, [Doc. 3], which was granted by the Court [Doc. 14] on October 30, 2006, leaving Blount Memorial Hospital, Inc. the sole defendant in this action. Defendant subsequently filed this motion to dismiss on November 20, 2006, arguing that, pursuant to Fed. R. Civ. P. 12(b)(6), the complaint fails to state a claim against it upon which relief can be granted due to the non-applicability of Title VI to this defendant.

## II. Standard of Review

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) should not be granted "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). All well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made,

the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

**III.     Analysis**

Defendant argues that it is entitled to judgment as a matter of law on plaintiff's claim that it violated Title VI because plaintiff has not shown that defendant is subject to Title VI by failing to allege that it receives federal funds or that plaintiff was the intended beneficiary of such funds. As noted above, plaintiff has not responded to the pending motion.

Title VI of the Civil Rights Act of 1964 prohibits discrimination on the basis of race, color, and national origin by recipients of federal financial assistance. 42 U.S.C. § 2000d; *Gebser v. Lago Vista Independent School District*, 524 U.S. 274, 275 (1998). Title VI therefore provides a remedy for employment discrimination only where allegations are made against an entity receiving federal aid and such aid "has the primary objective of providing employment, or the discrimination is against the primary beneficiaries of federal aid." *Mayers v. Campbell*, 87 Fed. Appx. 467, 471 (6th Cir. 2003). Accordingly, to state a claim for a private cause of action under Title VI, a plaintiff must allege not only that he or she was denied the benefits of a program on account of race, but also that the entity involved receives federal assistance. *Grimes v. Superior Home Health Care of Middle Tennessee, Inc.*, 929 F. Supp. 1088, 1092 (M.D. Tenn. 1996); *Farm Labor Organizing Committee v. Ohio State Highway Patrol*, 95 F. Supp. 2d 723, 741 (N.D. Ohio 2000); *see Buchanan v. City of Bolivar, Tennessee*, 99 F.3d 1353, 1356 (6th Cir. 1996). Put another way, a Title VI claim cannot be

sustained where a plaintiff fails to allege that the defendant entity in question receives federal funding for the purpose of providing employment. *See, e.g.*, *Miller v. Royal Manor Health Care, Inc.*, 2006 WL 2666427 at *4 (N.D. Ohio Sept. 14, 2006).

Here, plaintiff has not set forth any allegations in the complaint which suggest that defendant receives federal assistance. Even affording plaintiff substantial leeway given her *pro se* status, plaintiff's claim of Title VI violation is simply not cognizable in the absence of such evidence and, therefore, cannot be sustained. Thus, defendant's motion to dismiss will be granted and plaintiff's claims will be dismissed.

**IV. Conclusion**

For the reasons set forth herein, defendant's Motion to Dismiss [Doc. 20], is **GRANTED** and plaintiff's claims are therefore dismissed.

The Clerk is directed to enter judgment accordingly.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE